

# IN THE
# TENTH COURT OF APPEALS

No. 10-08-00043-CR

**DAVID CALDWELL,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. 31,449

## MEMORANDUM OPINION

In an open plea to the trial court, David Caldwell pleaded guilty to delivery of a controlled substance in an amount less than one gram in a drug free zone and pleaded true to an enhancement paragraph. The trial court ordered a pre-sentence investigation. After a punishment hearing, the trial court sentenced Caldwell to twelve years in prison. In one point of error, Caldwell contends that he received ineffective assistance of counsel at both the guilty plea and punishment hearings. We affirm.

**STANDARDS OF REVIEW**

To prove ineffective assistance, an appellant must show that: (1) counsel's performance was deficient; and (2) the defense was prejudiced by counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003). The appellant must prove, by a preponderance of the evidence, that there is no plausible professional reason for a specific act or omission. *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). There is "a strong presumption that counsel's conduct fell within a wide range of reasonable representation." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). "[A]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).[1]

**ANALYSIS**

Caldwell maintains that trial counsel rendered ineffective assistance by failing to: (1) conduct discovery, including filing a *Brady* motion; and (2) call witnesses, other than Caldwell, at the punishment hearing.

We first note that, at the guilty plea hearing, the trial court asked Caldwell whether he was satisfied with counsel's representation, to which he replied, "Yes, sir." Moreover, Caldwell did not file a motion for new trial alleging ineffective assistance. The record is silent as to any reasons explaining trial counsel's actions and we will not

---

[1]     Caldwell maintains that he is not required to satisfy *Strickland* regarding ineffective assistance at the punishment hearing. However, *Strickland* applies to the punishment phase of a noncapital case. *Loredo v. State*, 157 S.W.3d 26, 29 (Tex. App.—Waco 2004, pet. ref'd) (citing *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)); *see Mata v. State*, 226 S.W.3d 425 (Tex. Crim. App. 2007).

so speculate.  *See Thompson*, 9 S.W.3d at 814.  Absent a record revealing trial counsel's strategy or motivation, Caldwell has not defeated the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance.  *See id*. His ineffective assistance claim is better raised through an application for a writ of habeas corpus.  *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *see also Bone*, 77 S.W.3d at 837 n.30.  We overrule Caldwell's sole point of error and affirm the trial court's judgment.

FELIPE REYNA<br>Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed March 25, 2009
Do not publish
[CR25]